*560 OPINION.
Murdock:
The petitioner contends that he “held” for more than one year within the meaning of section 117 (a) of the Revenue Act of 1934, an interest in the $75,000 face value of Erie & St. Lawrence notes, since his firm became the owner of the notes on December 4, 1933, “subject only to an option for their repurchase by the [McDou-gall-Duluth] Company.” He argues that the substance, though not the form, of the transaction of November 1933 was to pay and satisfy the fee by transfer of title to the notes subject only to an option for their repurchase for $70,000 up to May 1, 1934. The substance of the transaction was, as we see it, the same as the form, in so far as ownership of the notes is concerned. They were to remain and they did remain the property of the McDougall-Duluth Co. until May 1, 1934, when it failed to pay its note and the Erie & St. Lawrence notes then became the property of Shattuck, Bangs & Davis to satisfy in full the debt due them. Prior to May 1, 1934, the partnership held the notes as pledgee, not as owner subject to an option. The words of the agreement, the book entries, and the intent of McDougall-Duluth Co. all support that conclusion. The case of Tex-Penn Oil Co. v. Helver *561 ing, 300 U. S. 481, so strongly relied upon by the petitioner, is distinguishable, since there the writings were contrary to the facts, whereas here there is no such difference. The period of holding for the purpose of section 117 (a) did not include the period during which the partnership had possession of the notes as pledgee.
The petitioner argues, as an alternative, that his firm acquired on December 4, 1933, such dominion over and benefits in the Erie & St. Lawrence notes as would start the holding period of section 117 (a), even though it did not acquire full title. His point is that his firm gave consideration for the notes at that time, received possession of the negotiable notes, received a power of attorney coupled with an interest, and collected the interest on the notes, all of which shows that the firm had a property right in the notes from December 4,1933. The possession which the firm received was that of pledgee. The necessity for and the purpose of the power of attorney, as well as the collection of the interest, are all sufficiently explained in the findings of fact. The firm had no dominion over or benefits in the notes inconsistent with ownership of the notes in the McDougall-Duluth Co. up to May 1,1934.
The period from December 4, 1933, to May 1, 1934, would have a dual or contingent character under the petitioner’s alternative theory. It would be a period of holding by the petitioner’s firm if the firm finally acquired the notes, but it would be a period of holding by the McDougall-Duluth Co. if the latter paid its note and took possession of the Erie & St. Lawrence notes. The act does not provide for any such method of measuring the period of holding. It does enumerate in séction 117 (c) certain situations under which the period of ownership by others shall be added to that of the taxpayer, but none of those provisions applies here. The fact that there are such provisions is an indication that Congress did not intend any other exceptions to the general rule. I. T. 1378, I-2 C. B. 26, is not applicable here, nor is W. H. Hay, 25 B. T. A. 96. The petitioner cites no authority which directly leads to the conclusion he would have us reach. We find no error in the action of the Commissioner.

Decision will be entered, for the respondent.